IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00816-TPO

MONSERRAT Y. CARDOSO ANAYA,

     Petitioner,

v.

JUAN BALTASAR, Warden,
Denver Contract Detention Facility;

GEORGE VALDEZ, Acting Field Office Director,
Immigration and Customs Enforcement,

KRISTI NOEM, Secretary,
U.S. Department of Homeland Security,

TODD LYONS, Acting Director,
Immigration and Customs Enforcement, and

PAMELA BONDI, U.S. Attorney General,

in their official capacities,

     Respondents.

---

## ORDER

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus [ECF 1] filed by Petitioner. The Parties consented to this Court's jurisdiction [ECF 8], and Chief Judge Daniel D. Domenico referred the matter to this Court for final disposition pursuant to 28 U.S.C. §636(c). *See* ECF 9. This Court issued an Order to Show Cause [ECF 5] to which Respondents responded [ECF 10]. With Petitioner's reply [ECF 11], the Petition is fully briefed and ripe for review. Because the Court determines that the Petitioner's challenge is fundamentally legal in

nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. Having reviewed the Petition, its briefing, and the relevant case law, the Court **grants** Count II of the Petition.

## FACTUAL BACKGROUND

Petitioner is a citizen of Mexico. ECF 1 ¶ 22. She entered the United States in September of 2004 without inspection. *Id*. Respondents describe Petitioner as being present in the United States without admission.[1] ECF 10 at 2.

Petitioner describes an established presence in the United States. ECF 1 ¶ 22. She has a one-year-old child who is a United States citizen. She denies any "criminal convictions for offenses which are not minor traffic offenses," and when she filed her Petition, she had "no pending criminal cases." *Id*. Respondents do not contest those representations. This Court notes that the Immigration Judge referenced a "previously pending criminal matter [that] has been resolved and dismissed." ECF 1-4.

On October 16, 2025, the Department of Homeland Security arrested Petitioner and placed her in detention at the ICE Denver Contract Detention Facility, where she remains. ECF 1 ¶¶ 6, 22. The circumstances of the underlying arrest are unknown. The same day of her arrest, DHS issued a Notice to Appear, initiating removal proceedings. ECF 1-3.

On December 8, 2025, Petitioner filed an Application for Cancellation of Removal and Adjustment of Status. ECF 1-5. Plaintiff submits that Application because it confirms that she has an established presence in the United States. ECF 1 ¶ 22. On February 7, 2026, an Immigration Judge denied bond stating that the case of *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 288 (BIA 2025) deprived her of the jurisdiction to do so. ECF 1-4.

---

[1] In the Notice to Appear, issued on October 16, 2025, Department of Homeland Security (DHS) classified Petitioner as an "alien present in the United States who has not been admitted or paroled," not as an "arriving alien." ECF 1-3.

2

## JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to the immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *2 (D. Colo. Feb. 24, 2026). Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is undisputed that Petitioner has remained in immigration custody at the Denver Contract Detention Facility since October 16, 2025. "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

## ANALYSIS

Petitioner argues that her immigration detention is unlawful in several respects. She first argues that as a non-citizen who entered without inspection; who was not apprehended upon arrival; and who already was residing in the United States when she was detained, she qualifies as a member of the Bond Eligible Class that was created in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025).. ECF 1 ¶¶ 1-5, 53-58.

Petitioner also contends that she is entitled to a bond release hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) and that she should not be subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A). ECF 1 ¶¶ 50-52, 59-61. Petitioner argues that § 1226(a) applies to her because she is present without inspection, faces a related inadmissibility charge in a removal proceeding, and does not have "certain criminal legal contacts." *Id*.

Petitioner also asserts claims for relief because her detention violates related federal regulations and the Administrative Procedure Act (APA). *Id.* ¶¶ 62-70. Finally, she argues that her continued detention violates her due process rights. *Id.* ¶¶ 71-74.

## I.    Whether 8 U.S.C. § 1225 or 8 U.S.C. § 1226 Governs Petitioner's Detention

In Count II, Petitioner seeks release claiming a violation of the INA. She alleges that Respondents are unlawfully subjecting her to the mandatory detention provision of 8 U.S.C. § 1225(b)(2) when she is actually subject to detention under 8 U.S.C. § 1226(a) and thus entitled to a bond hearing. ECF 1 ¶¶ 59-61. This is the central issue, and because this Court finds that Petitioner prevails on the merits of this argument, it addresses this claim first.

As Respondents acknowledge, ECF 10 at 1-2, this Court has already addressed this issue in a case with similar facts. *See Colindres Carmona v. Ceja*, No. 25-cv-04061-TPO, ECF No. 22. There, this Court held that the petitioner was detained under 8 U.S.C. § 1226(a) and not under 8 U.S.C. § 1225(b)(2)(A), entitling him to a bond determination hearing. *Id.* at 9. Respondents still disagree with that ruling, but rather than rehashing their argument as part of this case, they submit an "abbreviated response" and reserve the right to appeal this Court's decision. ECF 10 at 2. Respondents concede that based on this Court's prior ruling in *Colindres Carmona*, it "would lead the Court to reach the same result here . . . as the facts of this case are not materially distinguishable from that case . . ." *Id.* at 3. Respondents are correct, and this Court finds, as it did in *Colindres Carmona* and now multiple other cases, that Petitioner is being detained subject to 8 U.S.C. § 1226(a) and is entitled to a bond determination hearing.

The detention of noncitizens prior to a final order of removal is governed by two sections of the INA: 8 U.S.C. §§ 1225 and 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *4 (D. Colo. Oct. 22, 2025) (citing *Jennings v. Rogriguez*, 583 U.S. 281, 287

(2018)). "Section 1225 mandates detention pending removal proceedings, providing that, 'if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained.'" *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2 (D. Colo. Jan. 26, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). If none of the statutory exceptions apply, § 1225 "mandates detention without the opportunity for a bond hearing." *Id.* (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025)).

By contrast, § 1226(a) does not mandate detention. It states that a noncitizen, "[o]n a warrant issued by the Attorney General," may be arrested pending a decision on whether to remove the individual, and once arrested, the Attorney General may continue to detain or release the individual. *Id.* (citing 8 U.S.C. § 1226(a)). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

The crux of the issue is under which section Petitioner's detention should be considered. This Court finds U.S. District Judge Nina Y. Wang's statutory analysis in *Loa Caballero* to be persuasive. 2025 WL 2977650, at *5-7. The plain language of the applicable statutes would suggest that the phrase "'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* at *6. Noncitizens who have been living in the country for years are not "'seeking admission' under § 1225(b)(2)(A)." *Id.* (citing *Lopez-Campos*, 2025 WL 2496379, at *6). This is Petitioner's situation. She has demonstrated an established presence in the United States since September 2004. ECF 1 ¶ 22.

5

The principal thread of Respondents' argument is that all noncitizens who entered the country without permission should be deemed "applicants for admission," regardless of how long these noncitizens have been present in the country. Respondents claim that *Jennings* supports their conclusion. ECF 10 at 2 (citing *Jennings*, 583 U.S. at 287). This Court disagrees with the Respondents' interpretation of *Jennings*. After all, the *Jennings* Court distinguished the two statutes and noted "[i]n sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)" and that "[i]t also authorizes the Government to detain certain aliens *already in the country pending the outcome of removal proceedings* under [] § 1226(a)." *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *3 (D. Colo. Jan. 26, 2026) (quoting *Jennings*, 583 U.S. at 289) (emphasis in *Portillo Martinez* not in *Jennings*).

Numerous courts have disagreed with Respondents' position, finding, like in *Loa Caballero*, that "[n]oncitizens who are just 'present' in the country . . ., who have been here for years upon years and never proceeded to obtain any form of citizenship[,] . . . are not 'seeking' admission under § 1225(b)(2)(A)." *Hernandez*, 2025 WL 2996643, at *5 (quoting *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *6 (E.D. Mich, Aug. 29, 2025)). Even the title of § 1225, "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," suggests a different application of § 1225, one not applicable to an individual living in the United States for as long as Petitioner. In fact, "federal district courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" *Loa Caballero*, 2025 WL 2977650 at *5 (collecting cases).

Respondents point out that a limited number of courts have supported Respondents' position. *See* ECF 10 at 2-3 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)

6

and *Montoya v. Holt*, No. 25-cv-01231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025)). However, as U.S. District Judge Charlotte N. Sweeney explains in *Singh v. Baltazar*, --- F. Supp. 3d ---, 2026 WL 352870, at \*3-6 (D. Colo. Feb. 9, 2026), *Buenrostro-Mendez* is neither controlling nor persuasive. Because neither the Supreme Court nor the Tenth Circuit have yet weighed in on this issue, this Court finds more persuasive the great weight of authority in this Circuit and throughout the country that have interpreted §§ 1225(b) and 1226(a) and have concluded that they do not support the mandatory detention of noncitizens in Petitioner's circumstances.

As a result, this Court orders that Petitioner receive a bond hearing consistent with 8 U.S.C. § 1226(a). Respondents concede this as the appropriate remedy based on this Court's determination. ECF 10 at 3. This Court adds that the Immigration Judge, herself, stated that she lacked "jurisdiction to set a bond <u>unless</u> there is a federal habeas order finding that a bond hearing under INA Section 236 be held." ECF 1-4 at 1 (emphasis added). This Court hereby orders that such a § 1226(a) bond hearing be held.

## II.     Petitioner's Remaining Claims for Relief

Because this Court already is ordering a release determination/bond hearing pursuant to § 1226(a), this Court declines to reach Petitioner's additional claims. *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at n. 3 (D. Colo. Feb. 17, 2026) (citing *Hernandez*, 2025 WL 2996643 at \*8). This Court denies Counts I and III (which restate the core claim for relief in terms of related federal bond regulations and *Maldonado Bautista*) and Count IV (APA) as moot. This Court denies Petitioner's due process-based claim at Count V as premature, but without prejudice to re-assert it should subsequent developments make it appropriate to do so. *See Hernandez*, 2025 WL 2996643 at \*8 (citations omitted).

**CONCLUSION**

This Court agrees with Petitioner that § 1226(a) governs her detention. Petitioner therefore is entitled to a release determination/bond hearing consistent with § 1226(a)(2).

The Respondents shall conduct the appropriate bond hearing within five days of the date of this Order. *Martinez Escobar*, 2026 WL 503313 at \*4. The Court declines to order Petitioner's release at this time because release under 8 U.S.C. § 1226(a) is discretionary and because the Immigration Judge is in a better position to decide between detention or release in the immigration context. *Id*. (finding that an immigration judge is better suited to determine the issue of detention). The government will bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk. *Id.*

For the above reasons, it is therefore **ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED** as to Count II;

2) Respondents shall conduct the appropriate release determination/bond hearing under 8 U.S.C. § 1226(a) within five days of this Court's order, *i.e.*, **by March 28, 2026**; and

3) On or before **March 31, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied.

SO ORDERED.

DATED at Denver, Colorado, this 23rd day of March, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge